CITY OF AKRON *v*. SUSONG.

(No. 77 TRD 15081—Decided June 30, 1977.)

Akron Municipal Court.

*Mr. Victor Dandrea,* for plaintiff.
*Mr. David L. Sanders,* for defendant.

GEORGE, J. The facts in this case have been stipulated along with a diagram of the area of the alleged violation. The defendant is charged with a violation of Akron City Code Section 414.03(c) running a fire block on East Market Street, in Akron, Ohio.

The pertinent facts are that, at the point of the violation, East Market Street has three lanes eastbound and three lanes westbound; the intersecting street, Willard Street, is twenty-five feet in width from curbface to curbface; defendant stopped for the fire block at a point even with an extension of the curbline of Willard Street in the lane closest to the center line of East Market Street; there were two other cars occupying the two lanes next to the defendant and three vehicles occupied the three lanes behind the defendant; there were vehicles in each of the three westbound lanes, also stopped in a line even with an extension of the curbface of Willard Street and cars behind those vehicles; the defendant observed an ambulance with a flasher and siren approaching headed westbound in the center eastbound lane occupied by defendant; defendant drove his car through the intersection and pulled to the right curb approximately sixty feet ahead of where he had stopped for the fire block.

The defendant believed that either the ambulance could not or could not without great difficulty negotiate the space between the left front of the defendant's vehicle and the left front of the westbound vehicle occupying the center lane and that an element of danger existed to himself and the occupants of the ambulance if he were to remain stationary at the red light.

The defendant argues that Section 432.19, Akron City Code, is applicable to the facts of this case. It reads in part as follows:

"Upon approach of a public safety vehicle, equipped with at least one flashing, rotating or oscillating light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle and the driver is giving audible signal by siren, exhaust whistle or bell, the driver of every other vehicle shall yield the right of way, *immediately drive to a position parallel to and as close as possible, to the right edge or curb of the street clear of any intersection, and stop and remain in such position until the public safety vehicle has passed,* except when otherwise directed by a police officer." (Emphasis added.)

The defendant was charged with a violation of Section 414.03(c), Akron City Code, which reads in pertinent part as follows:

"(c) *Steady Red Indication*

"(1) Vehicular traffic facing a steady red signal alone shall stop at a clearly marked stop line, but if none, before entering the crosswalk or near side of the intersection, or if none, then before entering the intersection shall remain standing until an indication to proceed is shown except as provided in subsection (c)(2) hereof."

When a defendant is charged under a traffic ordinance for going through a fire block and establishes that the reason he went through the fire block was to allow room for an emergency vehicle to pass through an intersection, the City must offer evidence sufficient to establish that the defendant's actions were unreasonable and improper considering the traffic, surface and width of the street and other conditions then existing in order to obtain a conviction.

The defendant proceeded through a red light, pulled to the righthand curb in compliance with another traffic regulation requiring drivers to pull to the right for emergency vehicles. Here there was only twenty-five feet remaining within the intersection to allow the passage of the emergency vehicle, which passage would necessitate a turn to avoid the stopped vehicles.

The court finds that the defendant's actions were reasonable and proper having due regard for the conditions then existing and therefore finds the defendant not guilty.

*Defendant not guilty.*